THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER KING, J.D. a/k/a KINGCAST, *et al.*,<br><br>           Plaintiffs,<br>    v.<br><br>M&M PROPERTIES 8, *et al.*,<br><br>           Defendant. | CASE NO. C22-1623-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for a temporary restraining order ("TRO") (Dkt. No. 13). Plaintiffs ask the Court to, among other things, (a) enjoin certain Defendants from commencing eviction proceedings until Plaintiffs have secured satisfactory housing[1] and (b) compel other Defendants to provide Plaintiffs with satisfactory housing. (Dkt. No. 13 at 31.) Having thoroughly considered Plaintiffs' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES the motion for the reasons explained herein.

According to their First Amended Complaint ("FAC") and their TRO motion,[2]

---

[1] This Court may, in fact, be precluded from providing the relief sought based on *Younger* abstention. *See, e.g*, *Gilbertson v. Albright*, 381 F.3d 965, 969 (9th Cir. 2004). If the case proceeds, Plaintiffs must address this potential jurisdictional defect.

[2] Plaintiffs' filings are not the model of clarity. They contain argument, allegations, and assertions (in addition to cut-and-pasted e-mails and text messages) often lacking context and, in

ORDER
C22-1623-JCC
PAGE - 1

1   Defendants M&M Properties 8 and Mark Grimm (collectively the "Grimm Defendants") are

2   Plaintiffs' current landlord. (*See generally* Dkt. Nos. 7, 13.) Plaintiffs contend the Grimm

3   Defendants have and continue to engage in a pattern of discriminatory conduct, culminating in

4   Plaintiffs' anticipated eviction. (*Id.*) Plaintiffs further contend that Defendant Maple Leaf

5   Property Management & Real Estate, to whom Plaintiffs applied for rental housing, refused to

6   rent a residence to Plaintiffs based on the Grimm Defendants' unsatisfactory screening. (*Id.*) The

7   FAC asserts claims pursuant to 42 U.S.C. §§ 1981 and 3613 against all Defendants, tort-based

8   claims against certain Defendants, and claims solely against the Grimm Defendants for

9   violations of Washington state law. (Dkt. No. 7 at 17–18.)

10       The Clerk of the Court issued summons on November 23, 2022 (Dkt. Nos. 9, 9-1, 9-2).

11  Plaintiffs have yet to provide the Court with a Rule 4(l) affidavit of service and no Defendant has

12  yet appeared in this matter.[3] And according to the local rules, TRO motions "without notice to

13  and an opportunity to be heard by the adverse party are disfavored and will rarely by granted."

14  LCR 65(b)(1). Here, Plaintiffs contend they have attempted telephonic contact with Defendants

15  regarding their motion, resulting in voice-mails and brief conversations. (Dkt. No. 13 at 4.) They

16  further indicate they have attempted e-mail communications regarding the same. (*Id.* at 2; Dkt

17  No. 14 at 1.) Putting aside the issue of whether this notice is sufficient, the Court FINDS that

18  Plaintiffs fail to satisfy all of the Rule 65 requirements for the preliminary relief sought.

19       For the Court to issue a TRO, Plaintiffs must establish that they are likely to succeed on

20  the merits, likely to suffer irreparable harm in the absence of preliminary relief, the balance of

21  equities tips in their favor, and the injunction sought is in the public interest. *Winter v. Nat'l Res.*

---

some instances, a clear basis demonstrating relevance. (*See generally* Dkt. Nos. 7, 13.) Nevertheless, the Court has dutifully reviewed and considered each, including supporting exhibits.

[3] Plaintiffs are reminded that service may be accomplished through any means available under Washington State law, Fed. R. Civ. P. 4(e), which can include service by publication or mail for evasive defendants, if reasonable diligence is shown. *See* Wash. Super. Ct. Civ. R. 4.

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2014). That being said, a TRO is "an extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter*, 55 U.S. at 24).

Starting with the second requirement, Plaintiffs fail to demonstrate *irreparable* harm in the absence of a TRO. The purpose of preliminary injunctive relief is to preserve the status quo and/or prevent irreparable injury pending the resolution of the underlying claim on the merits. *See Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006); *see also Slone v. Arizona Dep't of Corr.*, 2002 WL 35645720, slip op. at 2 (D. Ariz. Oct. 29, 2002). Irreparable injury is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages. *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent–A–Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)).

Specifically at issue is Plaintiffs' access to certain housing. They assert that, due to Defendants' collective discriminatory conduct, Plaintiffs have, or shortly will, lose access to two particular residences within a desired location—their current one and a new one. But Plaintiffs provide the Court with no assurance that comparable residences within that location are not available through *other* landlords. And according to their motion, Plaintiff King has sufficient monthly income to qualify for myriad other properties. (*See* Dkt. No. 13 at 23 n.6.) Nor does the Court find a professed "affinity for living in [a] specific neighborhood," (Dkt. No. 13 at 20), without anything more, sufficient to support a claim of *irreparable* injury. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 435 (2009) (describing the high bar that is irreparable injury); *Karimi v. Poker Media Sys. SAS*, 2013 WL 4048578, slip op. at 1 (D. Nev. Aug. 8, 2013) (same).

Because Plaintiffs fail to make the irreparable injury showing, the Court need not analyze whether Plaintiffs have demonstrated a likelihood of success on the merits, whether the balance of the equities tip in their favor, or whether a TRO would be in the public interest.

Plaintiffs' TRO motion (Dkt. No. 13) is, therefore, DENIED.

DATED this 1st day of December 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE